IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

SARAH C. WHITE, Individually )   Civ. No. 04-00500 ACK/LEK
and as Special Administrator )   Civ. No. 05-00025 ACK/LEK
of THE ESTATE OF STEFAN      )
BOURNAKEL, Deceased, and as  )
Next Friend of NICOS ROBERT  )
BOURNAKEL, a minor,          )
                             )
            Plaintiff,       )
                             )
v.                           )
                             )
CAROL ANN SABATINO, BOB'S MAUI )
DIVE SHOP, INC. dba MAUI DIVE )
SHOP, a Hawaii Corporation;  )
3090 INCORPORATED, a Hawaii  )
Corporation; RONALD E.       )
WALLACH; JOHN DOES 1-20; JANE )
DOES 1-20; DOE CORPORATIONS 1- )
20; DOE PARTNERSHIPS 1-20; DOE )
ASSOCIATES 1-20; DOE         )
GOVERNMENTAL AGENCIES 1-20;  )
and OTHER ENTITIES 1-20,     )
                             )
        IN PERSONAM          )
                             )
and M/V ALII NUI O.N. 567359 )
                             )
        IN REM               )
                             )
            Defendants.      )
_____ )
                             )
RONALD E. WALLACH,           )
                             )
            Cross-Claimant,  )
                             )
v.                           )
                             )
CAROL ANN SABATINO, BOB'S MAUI )
DIVE SHOP, INC. dba MAUI DIVE )
SHOP, a Hawaii Corporation;  )

and 3090 INCORPORATED, a                )   Civ. No. 04-00500 ACK/LEK
Hawaii Corporation,                     )   Civ. No. 05-00025 ACK/LEK
                                        )
                Cross-Defendants.       )
_____        )
                                        )
IN THE MATTER OF THE COMPLAINT          )
OF 3090, INCORPORATED, a                )
Hawaii Corporation as owners            )
of the M/V ALII NUI O.N.                )
567359, FOR EXONERATION FROM            )
AND/OR LIMITATION OF                    )
LIABILITY.                              )
_____        )


## ORDER DENYING LIMITATION PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### BACKGROUND

        The Court issued an Order Denying Defendant Ronald
Wallach's Motion for Summary Judgment; Denying Limitation
Plaintiff 3090, Incorporated's Claim that Plaintiff Lacks
Standing to File a Motion for Partial Summary Judgment; and
Granting Plaintiff Sarah White's Motion for Partial Summary
Judgment on February 9, 2006 ("Feb. 9 Order").  The Order
outlines the factual and procedural history in this case up to
that point and does not need to be repeated here.  The Court
incorporates the Feb. 9 Order by reference.

        On February 17, 2006 Defendant, Cross-Defendant, and
Limitation Plaintiff,  3090, Incorporated ("3090, Inc." or
"Limitation Plaintiff") filed a Motion for Reconsideration of

Order Granting Plaintiff's Motion for Partial Summary Judgment ("Motion for Reconsideration").  On February 20, 2006, Limitation Plaintiff also filed an Addendum to Memorandum in Support to the Motion for Reconsideration ("Addendum").  Sarah White ("Plaintiff") filed her Opposition to 3090, Inc.'s Motion for Reconsideration on February 27, 2006 ("Plaintiff's Opposition").  3090, Inc. filed its Reply to Plaintiff's Opposition on March 2, 2006 ("Limitation Plaintiff's Reply").  Defendant and Cross-Claimant Ronald Wallach ("Wallach") filed a Joinder to Plaintiff's Opposition on March 3, 2006.

<u>**STANDARD**</u>

A party may ask the court to reconsider and amend a previous order pursuant to Federal Rule of Civil Procedure 59(e). <u>Reliance Insurance Company v. The Doctors Company</u>, 299 F. Supp. 2d 1131, 1153 (D. Haw. 2004).  FRCP 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." <u>Reliance</u>, 299 F. Supp. 2d at 1153 (quoting <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003).

In the Ninth Circuit a successful motion for reconsideration must accomplish two goals.  First, it must demonstrate some reason why the court should reconsider its prior decision. <u>Na Mamo O 'Aha 'Ino v. Galiher</u>, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citation omitted).  Second, a motion for

3

reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Id.  Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998); Galiher, 60 F. Supp. 2d at 1059; Reliance, 299 F. Supp. 2d at 1153.  The District of Hawaii has implemented these standards in Local Rule 60.1.[1]  Galiher, 60 F. Supp. 2d at 1059; Reliance, 299 F. Supp. 2d at 1153.

Mere disagreement with a previous order is an insufficient basis for reconsideration.  See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988).  Furthermore, a FRCP 59(e) motion for reconsideration may not present evidence or raise legal arguments that could have been presented at the time

---

[1]    Local Rule 60.1 provides that:

Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
  (a)  Discovery of new material facts not previously available;
  (b)  Intervening change in law;
  (c)  Manifest error of law or fact.
Motions asserted under Subsection (c) of this rule must be filed not more than ten (10) business days after the court's written order is filed.

Local R. 60.1 (2003) (Motions for Reconsideration).

of the challenged decision.   See Kona Enterprises, Inc. v. Estate
of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).   "Whether or not to
grant reconsideration is committed to the sound discretion of the
court."   Navajo Nation v. Confederated Tribes and Bands of the
Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing
Kona Enterprises, 229 F.3d at 883).

## DISCUSSION

Limitation Plaintiff contends that the Court's Feb. 9
Order Granting Partial Summary Judgment for Plaintiff must be
reconsidered pursuant to FRCP 59(e) to prevent manifest
injustice.   (Limitation Plaintiff's Reply at 4).   Limitation
Plaintiff contends that the Court's interpretation of the Rules
Governing the Sale and Manufacture of Liquor for the County of
Maui § 08-101-69(a)[2] ("Maui Rule") is inconsistent with the

---

[2]   The Rule states:

a. No licensee of any premises licensed to sell liquor
for consumption on the premises shall:

1.[s]ell, advertise, or offer to sell "all the
liquor you can drink" for a fixed price...;

2. [s]erve an unlimited amount of liquor during a
set period of time for a fixed price, provided this
provision does not apply to class 2 and class 12
licensees, when such function is not open to the
general public, and for which a hosted bar is
utilized such as weddings, private parties, and
fundraising functions, or where liquor may be
inclusive with champagne brunch or luaus....

Rules Governing the Sale and Manufacture of Liquor for the County
of Maui § 08-101-69(a)(1-2).

5

intent of the Rule.  (Motion for Reconsideration at 10).
Limitation Plaintiff concedes that the Court followed the literal
construction of the Maui Rule, but argues that the literal
construction leads to manifest injustice.  Id.  Limitation
Plaintiff provides affidavits from the Director of the Department
of Liquor Control for the County of Maui, Franklyn L. Silva, and
the Deputy Director of the Department of Liquor Control for the
County of Maui, Wayne M. Pagan, to support its contention.  These
affidavits were not provided in Limitation Plaintiff's original
objection to Plaintiff's Motion for Partial Summary Judgment, and
Limitation Plaintiff does not allege that these affidavits are
new evidence which only became available after the hearing.
(Limitation Plaintiff's Reply at 5).

In these affidavits, both officers state "the [Maui
Ordinance] was never intended to apply to vessels which serve
liquor." (Motion for Reconsideration, Declaration of Wayne Pagan
("Pagan Affidavit") ¶ 4; Limitation Plaintiff's Reply,
Declaration of Franklyn Silva ("Silva Affidavit") ¶ 4).  Silva,
who participated in the promulgation and decision-making process
behind the Maui Rule explains further that "the purpose and
intent of the [Maui Rule] was mainly to address 'happy hours'
where a licensee would offer an unlimited amount of liquor to be
consumed within a certain time period for a fixed price.  While
discussing the [Maui Rule], tour or cruise vessel licenses (Class

6

9) were never taken into account."  Silva Affidavit ¶ 5.

Before considering the substance of Limitation Plaintiff's claim, the Court reviews the appropriateness of the Motion for Reconsideration based on a new argument and evidence that was available before the hearing.

As Limitation Plaintiff has conceded, the affidavits of Silva and Pagan are not new evidence that could not have been discovered earlier.  One of Limitation Plaintiff's original defenses against the negligence claim was based on a conversation between Pagan and one of its officers, Jeff Strahn, where Pagan allegedly approved of the alcohol service practices on the Alii Nui.[3]  However, as Plaintiff explains, Limitation Plaintiff had more than one month between the filing of Plaintiff's Motion for

---

[3]   The Court found the evidence of this conversation to be unpersuasive, reasoning:

> Jeff Strahn, an officer of 3090, Inc. and Vice President of Maui Dive Shop, alleges that an inspector from the Maui County Liquor Commission informed him that "the practice of including liquor within the price of a ticket aboard the vessel" did not violate the Maui County Liquor Rules.  Strahn Decl. ¶ 3. Strahn's statement does not provide evidence of permission to sell or serve an "all you can drink" package that 3090, Inc. could have reasonably relied upon.  The inspector's comment could be interpreted as authorizing a practice of including the cost of one or two drinks in the cost of a ticket, which is very different from selling an "all you can drink" cruise package.  In any event, 3090, Inc.'s reliance on the inspector's statement does not relieve it from any potential liability for violating the scope of the ordinance.

Feb. 9 Order at 44-45.

Partial Summary Judgment and the hearing, but failed to present
any affidavits from Pagan or Silva.  Limitation Plaintiff was
then able to produce the Pagan Affidavit within eight days of the
Court's Feb. 9 Order, and the Silva Affidavit two weeks later.
Thus, Limitation Plaintiff is not relying on previously
unavailable evidence, but on additional evidence that was
available at the time of the original opposition to the motion.

     In addition, Limitation Plaintiff is relying on a new
argument to support its defense against negligence for violating
the Maui Rule.  Limitation Plaintiff's original defenses to the
negligence claim were based on reliance on Pagan's alleged
permission and the absence of previous citations for violating
the Maui Rule, and an alleged ambiguity in the Maui Rule
regarding the application of an exception for champagne brunches
or luaus.[4]  Ultimately, the Court was not persuaded that any of

---

     [4]  The Court summarized Limitation Plaintiff's original three
arguments in opposition as follows:

          (1) an inspector from the Maui County Liquor Commission
          informed Jeff Strahn that "the practice of including
          liquor within the price of a ticket aboard the vessel"
          did not violate the Maui County Liquor Rules; (2) the
          Maui County Liquor Commission has only cited 3090, Inc.
          for serving an intoxicated individual on February, 13,
          2004; and (3) the language of Maui County Liquor Rule §
          08-101-69(a)(2) is ambiguous and may contain a "champagne
          brunch exception" that allows licensees to serve an
          unlimited amount of alcohol at a champagne brunch or
          luau.

Feb. 9 Order at 44.

8

the preceding arguments were valid defenses to negligence.  Now,
Limitation Plaintiff relies primarily on the intent of the
drafters of the Maui Rule to support of its defense.

A FRCP 59(e) motion for reconsideration may not present
evidence or raise legal arguments that could have been presented
at the time of the challenged decision.  Kona Enterprises, 229
F.3d at 890.  See also Trentacosta v. Frontier Pacific Aircraft
Industries, 813 F.2d 1553, 1557 n. 4 (9th Cir. 1987) (finding
that the district court did not abuse its discretion when it
refused to consider affidavits filed for the first time in
support of a motion for reconsideration when the appellant had no
excuse for the lateness of the submissions); Novato Fire
Protection District v. United States, 181 F.3d 1135, 1142 n. 6
(9th Cir. 1999); Rosenfeld v. United States Department of
Justice, 57 F.3d 803, 811 (9th Cir. 1995); School District NO.
1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263
(9th Cir. 1993).

In Kona Enterprises, the plaintiffs argued that they
had the right to challenge the choice of appropriate state law in
a motion for reconsideration, because it was only after the
district court's underlying ruling that the choice of law became
relevant.  229 F.3d at 890-91.  The Ninth Circuit denied this
argument stating that the plaintiffs had prior notice that choice
of law would be relevant and that the plaintiffs should have

raised their argument in their original objections or at hearings.  Id. at 891.  Having failed to do so, the plaintiffs were barred from challenging choice of law in a motion for reconsideration.

Here, Limitation Plaintiff clearly knew that the interpretation of the rule was critical to the Court's determination of whether it had been negligent.  Limitation Plaintiff offered three arguments in its defense, two based on reliance and one on an alleged ambiguity in the Rule, and the Court ruled against it.  Limitation Plaintiff made no arguments predicated on the drafter's original intent regarding the correct interpretation of the Maui Rule nor offered affidavits to support such an argument.  Therefore, the Court concludes that Limitation Plaintiff's Motion for Reconsideration is based upon insufficient grounds for reconsideration, previously available evidence and a new argument.

Even if the Court did allow Limitation Plaintiff's new argument and supporting affidavits, the Court concludes, contrary to Limitation Plaintiff's contention, that the Feb. 9 Order does not create manifest injustice.

"The starting point in discerning congressional intent is the existing statutory text."  Lamie v. United States Trustee, 540 U.S. 526, 534 (2004) (citing Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438 (1999).  "When the statute's language is plain,

the sole function of the courts – at least where the disposition
required by the text is not absurd – is to enforce it according
to its terms." Lamie, 540 U.S. at 534 (citations omitted);
Camacho v. Bridgeport Financial, Inc., 430 F.3d 1078, 1081 (9th.
Cir. 2005). "There is a strong presumption that the plain
language of a statute expresses congressional intent, rebutted
only in rare and exceptional circumstances, when a contrary
legislative intent is clearly expressed." Campbell v. Allied Van
Lines, Inc., 410 F.3d 618, 622 (9th Cir. 2005) (quoting United
States v. Tobeler, 311 F.3d 1201, 1203 (9th Cir. 2002); Middle
Mountain Land & Produce, Inc. v. Sound Commodities, Inc., 307
F.3d 1220, 1223 (9th Cir. 2002). However, "if Congress enacted
into law something different from what it intended, then it
should amend the statute to conform it to its intent," and a
Court should not rescue the drafters from their errors. Lamie,
540 U.S. at 542 (quoting United States v. Granderson, 511 U.S.
39, 68 (1994) (concurring opinion).

Even when a rule is awkward or ungrammatical, that does
not make the rule ambiguous on a particular issue. See Lamie,
540 U.S. at 534. In the Feb. 9 Order, the Court concluded that
Maui Rule § 08-101-69(a)(2) plainly provides limited exceptions
to the prohibition on serving unlimited alcohol for a fixed price
for a set period of time. See Feb. 9 Order at 46, 47. These
exceptions clearly apply to Class 2 and Class 12 licensees during

11

specific functions such as a champagne brunch or luau.  There is
no reason to extend the exception to other classes when the rule
itself identifies the specific classes to which the exception
applies.  In addition, there are no exceptions to Maui Rule § 08-
101-69(a)(1).  The affidavits of Pagan and Silva are completely
contradictory to the plain language of the Maui Ordinance.[5]

Perhaps if Pagan or Silva's proffered interpretation of
the Maui Rule provided some reasonable justification for their
position the Court would consider whether this situation was one
of the rare and extraordinary circumstances where the plain
language should be ignored.  However, following the Department's
proffered interpretation would lead to an illogical result that
contradicts the stated general purposes of the Maui Liquor Rules:
"The rules of the commission shall be construed to secure a
reasonable balance between the protection of the public health,
safety, and welfare, and the prudent exercise of liquor
licensees' privilege to sell and manufacture liquor in the County
of Maui...."  Rules Governing the Sale and Manufacture of Liquor
for the County of Maui § 08-101-4.

Moreover, the Department Directors' interpretation of
the rule would lead to an absurd result: a tavern with a Class 2
license located on or near a pier would be prohibited from

---

[5]   The Court notes that the affidavits of Director Silva and
Deputy Director Pagan  are consistent with the Department's lack of
enforcement of the plain language of Maui Rule § 08-101-69(a).

serving unlimited alcohol to the public for a fixed price over a set period of time during a "happy hour", but a vessel with a Class 9 license operating a two hour "booze cruise"[6] just outside the port that departs from and returns to that same pier, would be entitled to do so.  The Court concludes that this result is unreasonable and unnecessarily creates grave risks for the general public that the Maui County Liquor Rules are designed to prevent.

The Court concludes that its interpretation of the Maui Rule relies on the plain language of the ordinance, complies with the general intent of the Maui County Liquor Rules, and creates no manifest injustice.

Finally, Limitation Plaintiff submitted an Addendum to its Motion for Reconsideration asserting that if an act of negligence occurred, the act of negligence was outside its privity or knowledge.[7]  Once again, as clearly expressed in the

---

[6]  "Booze Cruise" is a common slang term used to describe a boat excursion where passengers may partake in unlimited alcohol as they cruise outside a harbor for a couple of hours.  A basic internet search of "Booze Cruise Maui" reveals numerous offers and customer reviews of such cruises available off the shores of Maui. Variations of the booze cruise offer an extended duration, charge an independent fee for drinks, and/or include food.

[7]  If the claimant can establish that an act of negligence occurred in an attempt to repeal the limitation of liability pursuant to 46 U.S.C. § 83(a), then the burden shifts to the shipowner to prove the "act or condition was outside its privity or knowledge." In re Bowfin M/V v. International Specialty, Inc., 339 F.3d 1137, 1137 (9th Cir. 2003).

Court's Feb. 9 Order, Limitation Plaintiff made no argument to this effect at the summary judgment stage of the proceedings.  As discussed previously, it is improper to present a new argument in a motion for reconsideration.  Even if the Court were to permit Limitation Plaintiff's argument, the Court concluded that sufficient privity and knowledge existed between the negligent act and Limitation Plaintiff.  <u>See</u> Feb. 9 Order at 51-53.  Limitation Plaintiff's argument based on reliance does not change that conclusion.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court DENIES Limitation Plaintiff's Motion for Reconsideration of Order Granting Plaintiff's Motion for Partial Summary Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 23, 2006.



_____
Alan C. Kay
Sr. United States District Judge


<u>White v. Sabatino, Civ. No. 04-00500 ACK/KSC; Civ. No. 05-00025 ACK/LEK, ORDER DENYING LIMITATION PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>